# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> *Defendant*. | Civil Action No. 16-2237 (TSC) |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the United States Department of Justice ("DOJ" or "Defendant"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### RESPONSES

1. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

2. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant denies.

### Jurisdiction and Venue[1]

3. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. Defendant respectfully refers the Court to the cited authorities for a complete and accurate statement of their contents. To the extent a response is deemed necessary, Defendant denies.

4. Admits.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles. To the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

**Parties**

5. Defendant lacks knowledge or information sufficient to admit or deny the contents of this paragraph.

6. Defendant denies that the Federal Bureau of Investigation ("FBI") is a federal agency as defined by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(f), but admits that the FBI is a component of the United States Department of Justice ("DOJ"), which is a federal agency as defined by the FOIA, and admits that the FBI is thereby subject to the FOIA. Defendant admits that the FBI is headquartered in Washington, D.C.

**Facts**

**Biometric and Identity Data Memoranda of Understanding**

7. This paragraph contains Plaintiff's characterization of publicly available documents. Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents. To the extent that this paragraph contains any factual conclusions not provided by the cited document, Defendant denies those allegations.

8. This paragraph contains Plaintiff's characterization of publicly available documents. Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents. To the extent that this paragraph contains any factual conclusions not provided by the cited document, Defendant denies those allegations.

9. This paragraph contains Plaintiff's characterization of publicly available documents.[2] Defendant respectfully refers the Court to the cited materials for a complete and accurate statement

---

[2] Defendant notes that the Complaint provides an incorrect web address; the correct address is https://www.fbi.gov/news/stories/fbi-announces-biometrics-suites-full-operational-capability.

of their contents.  To the extent that this paragraph contains any factual conclusions not provided by the cited document, Defendant denies those allegations.

10.  This paragraph contains Plaintiff's characterization of publicly available documents. Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.  With respect to the first sentence, the quoted excerpt is not included in the cited document, and, on that basis, Defendant denies that allegation.  With respect to the second sentence, to the extent that it contains any factual conclusions not provided by the cited document, Defendant denies those allegations.

11. This paragraph contains Plaintiff's characterization of publicly available documents.[3] Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.  To the extent that this paragraph contains any factual conclusions not provided by the cited document, Defendant denies those allegations.

12. This paragraph contains Plaintiff's characterization of publicly available documents.[4] Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.  With respect to the first sentence, to the extent that the sentence contains any factual conclusions not provided by the cited document, Defendant denies those allegations.  With respect to the remainder of the paragraph, to the extent it contains any factual conclusions, Defendant denies those allegations.

---

[3] The website cited in Plaintiff's Complaint lists the monthly statistics from the prior month. As of January 17, 2017, the figures listed are from December, 2016, not from September, 2016, as described by Plaintiff.

[4] With regard to the citation to a press release issued by the FBI on March 8, 2011, the correct web address is https://archives.fbi.gov/archives/news/pressrel/press-releases/fbi-announces-initial-operating-capability-for-next-generation-identification-system rather than the address provided in the Complaint.

13. This paragraph contains Plaintiff's characterization of publicly available documents. Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.  To the extent that this paragraph contains any factual conclusions not provided by the cited document, Defendant denies those allegations.  Furthermore, the Complaint includes quoted excerpts that are not included in the cited document, and Defendant additionally denies these allegations on that basis.

14.  This paragraph contains Plaintiff's characterization of publicly available documents. Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.  To the extent that this paragraph contains any factual conclusions not provided by the cited document, Defendant denies those allegations.

15.  Defendant lacks knowledge or information sufficient to admit or deny the contents of this paragraph.

16.  This paragraph contains Plaintiff's characterization of publicly available documents. Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.  To the extent that this paragraph contains any factual conclusions not provided by the cited document, Defendant denies those allegations.

17.  This paragraph contains Plaintiff's characterization of publicly available documents. Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.  To the extent that this paragraph contains any factual conclusions not provided by the cited document, Defendant denies those allegations.

**EPIC's FOIA Request**

18.  Defendant lacks knowledge or information sufficient to admit or deny the contents of this paragraph.

19.   This paragraph contains Plaintiff's characterization of its underlying FOIA request. Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.  To the extent that this paragraph contains any factual conclusions not provided by the cited document, Defendant denies those allegations.

20. Defendant admits that Plaintiff's FOIA request stated that it "is a 'representative of the news media' for fee status and waiver purposes."

21.  Defendant admits that Plaintiff's FOIA request stated that it "is a 'representative of the news media' for fee status and waiver purposes."

22.  Defendant lacks knowledge or information sufficient to admit or deny the contents of this paragraph as Defendant does not possess a record of this communication.

23.  Defendant admits sending Plaintiff a letter dated April 13, 2015, acknowledging Plaintiff's FOIA request, and respectfully refers the Court to the letter for a full and complete statement of its contents.

24. Defendant admits that the DOJ Office of Information Policy ("OIP") received an appeal letter from Plaintiff dated August 11, 2015, and respectfully refers the Court to that document for a full and complete statement of its contents.

25. Defendant admits that OIP sent Plaintiff a letter dated August 21, 2015, and respectfully refers the Court to that document for a full and complete statement of its contents.

26. Defendant admits that OIP sent Plaintiff a letter dated August 31, 2015, and respectfully refers the Court to that document for a full and complete statement of its contents.

27. Defendant admits sending Plaintiff a letter dated September 1, 2015, and respectfully refers the Court to that document for a full and complete statement of its contents.

28.   Defendant admits that, as of the date of the Complaint, it had not made any determination with respect to Plaintiff's FOIA request.  By way of further answer, Defendant states that on January 13, 2017, the FBI released to Plaintiff non-exempt portions of 35 pages of records responsive to Plaintiff's FOIA request.

### EPIC's Constructive Exhaustion of Administrative Remedies

29.   Defendant admits that FBI staff received Plaintiff's FOIA request in April, 2015.

30.   This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

31.   This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

32.   This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

### Count I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

33.   Defendant's responses to paragraphs 1–26 above are hereby incorporated by reference as if set forth fully herein.

34.   This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

35.   This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

## Count II

### Violation of FOIA: Unlawful Withholding of Agency Records

36.  Defendant's responses to paragraphs 1–26 above are hereby incorporated by reference as if set forth fully herein.

37.  This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

38.  This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

39.  This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendant denies.

### Requested Relief

This paragraph contains Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant denies any and all allegations in Plaintiff's Complaint not expressly admitted or qualified herein.

### ADDITIONAL DEFENSES

Defendant alleges the following additional defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1.      Plaintiff has failed to state a claim upon which relief can be granted as to some or all of the claims asserted.

2.      Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552.

3.      The Court lacks subject matter jurisdiction over plaintiff's request to the extent that the request exceeds relief authorized by the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552 (a)(4)(B).

4.      The Federal Bureau of Investigation ("FBI") is not a federal agency as defined by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(f)(1), and therefore, is not a properly named Defendant. The appropriate Defendant is the United States Department of Justice ("DOJ").

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Complaint with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

Dated:  January 23, 2017                      Respectfully submitted,

                                              CHANNING D. PHILLIPS
                                              D.C. BAR # 415793
                                              United States Attorney

                                              DANIEL F. VAN HORN
                                              D.C. BAR # 924092
                                              Chief, Civil Division

                                              By: */s/  Brian J. Field*
                                              BRIAN J. FIELD
                                              D.C. Bar #985577
                                              Assistant United States Attorney
                                              555 4th Street, N.W.
                                              Washington, D.C. 20530
                                              Phone: (202) 252-2551
                                              Email: Brian.Field@usdoj.gov

                                              *Counsel for Defendant*